UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIDWEST REGIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18 CV 1217 RWS |
| | ) |
| CARIBOU ENERGY CORPORATION | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Defendants Robert Williamson and Aimee L. Williamson ("the Williamsons") move for a stay under the Servicemembers Civil Relief Act, 50 U.S.C. § 3932. The Williamsons have not submitted documents showing that Robert Williamson is "in military service" within the meaning of 50 U.S.C. § 3932. As a result, I cannot grant the Williamsons' motion for a stay without additional information.

## **BACKGROUND**

Midwest Regional Bank ("Midwest") filed this diversity jurisdiction, breach of contract case after defendants sold Caribou Energy Corporation ("Caribout") without obtaining the written consent of Midwest. Midwest and Caribou had previously entered into a loan agreement that allegedly required Caribou to obtain consent before changing its ownership. Midwest also named the Williamsons and

Christopher Scott Yenzer as defendants because each of them allegedly personally guaranteed the loan.

Midwest served its complaint on the Williamsons on August 2, 2018, and their answer was due on August 23, 2018. Midwest served its complaint on Defendant Caribou Energy Corporation on August 17, 2018, and its answer was due on September 7, 2018. Finally, Midwest served its complaint on Yenzer on September 26, 2018, and Yenzer's answer is due on October 17, 2018. None of the Defendants have filed an answer.

On September 14, 2018, Plaintiff Midwest moved for entry of clerk's default and a default judgment against Caribou in the amount of the outstanding balance on the loan. [Nos. 15 and 16]. The Clerk entered default against Caribou on September 18, 2018. On September 24, 2018, the Williamsons moved for a stay under the Servicemembers Civil Relief Act, 50 U.S.C. § 3932. [No. 18]. The Williamsons filed Robert Williamson's appointment letter in support of that motion. In contrast, Midwest argues that the Williamsons have not provided sufficient information to demonstrate that Robert Williamson is "in military service." It moves for an order directing the Williamsons to produce that information. [No. 19].

## LEGAL STANDARD

The Servicemembers Civil Relief Act allows a servicemember in military service to receive a stay in a civil action if he or she provides the following:

> A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. § 3932.

Military service is defined by the act as

> **(i)** active duty, as defined in section 101(d)(1) of Title 10, and
> **(ii)** in the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under section 502(f) of Title 32, for purposes of responding to a national emergency declared by the President and supported by Federal funds;

50 U.S.C.A. § 3911(2).

Finally, "active duty" as defined in section 101(d)(1) of Title 10 "does not include full-time National Guard duty."

## ANALYSIS

The Williamsons submitted as an exhibit Robert Williamson's appointment letter for his current service. In their motion, the Williamsons characterize the

appointment as "active duty in the U.S. Army." The appointment letter indicates, however, that Robert Williamson is serving a one-time occasional tour full-time with the Army National Guard. Section 101(d)(1) of Title 10 makes clear that full-time National Guard duty does not qualify as "active duty" for the purposes of the Servicemembers Civil Relief Act. Additionally, the Williamsons do not allege, and they offer no evidence to show, that Robert Williamson is serving "under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under section 502(f) of Title 32."

Accordingly,

**IT IS HEREBY ORDERED** that the Williamsons' may file a supplemental application for a stay, including a communication setting for facts that satisfy the conditions under 50 U.S.C.A. § 3911(2) and a communication from Robert Williamson's commanding officer, as required by 50 U.S.C. § 3932, no later than Friday, November 9, 2018.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of October, 2018.