UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIDWEST REGIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18 CV 1217 RWS |
| | ) |
| CARIBOU ENERGY CORPORATION | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

Defendants Robert Williamson and Aimee L. Williamson ("the Williamsons") move for a stay under the Servicemembers Civil Relief Act, 50 U.S.C. § 3932. The Williamsons have submitted documents showing that Robert Williamson is <u>not</u> "in military service" within the meaning of 50 U.S.C. § 3932. I allowed the Williams to file a supplemental application for a stay, no later than Friday, November 9, 2018. As of Tuesday, November 13, 2018, the Williamsons have filed no such supplemental application. As a result, I will deny the Williamsons' application for a stay.

## BACKGROUND

On July 24, 2018, Midwest Regional Bank ("Midwest") filed this breach of contract case. Midwest alleges that the Defendants signed a promissory note requiring them to obtain Midwest's consent before changing the ownership or

business structure of Defendant Caribou Energy Corporation. (No. 1 at 4). Instead, Defendants allegedly sold Caribou Energy Corporation without Midwest's consent. (Id. at 5). Midwest served its complaint on the Williamsons, Defendant Caribou Energy Corporation, and Defendant Scott Yenzer on August 17, September 7, and September 26, 2018, respectively. None of the Defendants have filed an answer.

On September 14, 2018, Plaintiff Midwest moved for entry of clerk's default and a default judgment against Caribou in the amount of the outstanding balance on the loan. [Nos. 15 and 16]. The Clerk entered default against Caribou. [No. 17]. On September 24, 2018, the Williamsons moved for a stay under the Servicemembers Civil Relief Act, 50 U.S.C. § 3932. [No. 18]. In support of their motion, they filed Robert Williamson's appointment letter. The appointment letter states that Robert Williamson is serving a one-time occasional tour with the Army National Guard. The Williamsons did not file a letter from Robert Williamson's commanding officer. I allowed the Williams to file a supplemental application for a stay, no later than Friday, November 9, 2018. As of the date of this order, the Williamsons have filed no such supplemental application.

**LEGAL STANDARD**

The Servicemembers Civil Relief Act allows a servicemember in military service to receive a stay in a civil action if he or she provides the following:

2

> A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. § 3932.

Military service is defined by the act as

> **(i)** active duty, as defined in section 101(d)(1) of Title 10, and
> **(ii)** in the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under section 502(f) of Title 32, for purposes of responding to a national emergency declared by the President and supported by Federal funds;

50 U.S.C. § 3911(2).

"Active duty" as defined in section 101(d)(1) of Title 10 "does not include full-time National Guard duty."

## ANALYSIS

In their application for a stay, the Williamsons characterize Robert Williamson's appointment to the Army National Guard as "active duty in the U.S. Army." [No. 18]. The appointment letter indicates, however, that Robert Williamson is serving a one-time occasional tour full-time with the Army National Guard. Section 101(d)(1) of Title 10 makes clear that full-time National Guard

3

duty does not qualify as "active duty" within the meaning of the Servicemembers Civil Relief Act. As a result, Williamson does not meet the requirement under 50 U.S.C.A. § 3911(2)(i). Additionally, Robert Williamson has provided no information to demonstrate that he is serving "under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under section 502(f) of Title 32, for purposes of responding to a national emergency declared by the President and supported by Federal funds." 50 U.S.C.A. § 3911(2)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that the Williamsons' application for a stay, [No. 18], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Midwest Regional Bank's motion for an order setting deadlines for additional information from the Williamsons', [No. 19], is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants may seek leave to file a responsive pleading out of time, with such pleading to be filed no later than December 14, 2018.

**IT IS FURTHER ORDERED** that the clerk of Court shall mail a copy of this order to Defendant to the following addressees:

**Aimee L. Williamson**
62 Rosewood Ln.
North Attleboro, MA 02763

**Robert Williamson**
62 Rosewood Ln.
North Attleboro, MA 02763

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of November, 2018.