UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIDWEST REGIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18 CV 1217 RWS |
| | ) |
| CARIBOU ENERGY CORPORATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM & ORDER**

Plaintiff Midwest Regional Bank ("Midwest") moves for attorneys' fees from Defendant Caribou Energy Corporation ("Caribou") in this breach of contract case. Caribou failed to enter an appearance or file an answer within the time required. I granted default judgment against Caribou in the amount of $1,678,456.56, with interest to continue to accrue at the rate of $352.60 per day until judgment is satisfied. The underlying contract (the "Contract") entitles Midwest to attorneys' fees and expenses incurred in enforcing the Contract. As a result, I will grant Midwest's motion for attorneys' fees and expenses in an amount of $32,959.82.

### **BACKGROUND**

Midwest filed this complaint on July 24, 2018, alleging that Caribou and

individual loan guarantor Defendants had breached the terms of a promissory note. Defendants had allegedly sold Caribou without consent of Midwest, as the terms of the promissory note required. Midwest provided the promissory note as an exhibit to its complaint. (ECF No. 1-1). Midwest served the complaint on Caribou on August 17, 2018. Caribou did not enter an appearance or answer the complaint. Midwest obtained the clerk's entry of default against Caribou on September 18, 2018. I granted defaulted judgment against Caribou on December 18, 2018. Midwest now moves for an award of attorneys' fees as a default judgment, in addition to the prior default judgment.

## LEGAL STANDARD

When a defendant fails to appear or otherwise defend, and the plaintiff has obtained a clerk's entry of default, I may enter default judgment on behalf of the plaintiff. Fed. R. Civ. P. 55. A default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint, Angelo Iafrate Const., LLC v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004), and a default judgment may include an award of attorneys' fees. See, e.g., Grant v. Pottinger-Gibson, 725 F. App'x 772, 773 (11th Cir. 2018); Cent. Illinois Carpenters Health & Welfare Tr. Fund v. Con-Tech Carpentry, LLC, 806 F.3d 935, 936 (7th Cir. 2015). A motion for attorneys' fees is "a collateral and independent claim" that may be determined by a separate

judgment. Obin v. Dist. No. 9 of Int'l Ass'n of Machinists & Aerospace Workers, 651 F.2d 574, 582-84 (8th Cir. 1981).

## ANALYSIS

Midwest presents evidence that its contract with Caribou allowed Midwest to incur reasonable attorneys' fees and costs to enforce the contract, and that it could demand immediate repayment from Caribou if it incurred such expenses. (ECF No. 37-1 at ¶ 6.B). Midwest also presents evidence that it incurred attorneys' fees and expenses of $32,959.82 while enforcing the contract. (ECF No. 37-2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Midwest Regional Bank's motion for attorneys' fees and costs, [No. 37], is **GRANTED**. An appropriate judgment awarding attorneys' fees will accompany this memorandum and order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2019.